DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCIA SUPRIA,**
Appellant,

v.

**GOSHEN MORTGAGE, LLC,** in substitution for the original Plaintiff
**CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND
SOCIETY FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN
TRUST, SERIES 2012-13,**
Appellee.

No. 4D16-4356

[October 31, 2018]

ON MOTION FOR REVIEW

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 13-027100 CACE (11).

Catherine A. Riggins, Miami, for appellant.

Thomas Wade Young and Joseph B. Towne of Lender Legal Services, LLC, Orlando, for appellee.

GROSS, J.

We review an order taxing costs in favor of a prevailing appellant.[1] We reverse the order because the motion to tax costs was untimely; in the absence of a motion for rehearing directed at this court's opinion, the time to file the motion was not extended by a motion for rehearing directed at a separate order denying attorney's fees.

On December 6, 2017, we issued *Supria v. Goshen Mortgage, LLC*, 232 So. 3d 422 (Fla. 4th DCA 2017), which reversed a final judgment of foreclosure because the lender failed to prove standing. On the same day, we entered three separate orders denying (1) the lender's motion for

---

[1] We have jurisdiction to review the circuit court's order taxing costs pursuant to Florida Rule of Appellate Procedure 9.400(c).

attorney's fees; (2) Supria's motion for appellate attorney's fees as a sanction; and (3) Supria's motion for appellate attorney's fees based on a provision in the mortgage.

On December 21, 2017, Supria moved for rehearing of our order denying her motion for appellate attorney's fees as a sanction. She did not seek rehearing of the other two orders denying fees, nor of the opinion itself, in which she prevailed. We denied her motion for rehearing on January 10, 2018. The mandate issued on January 26, 2018.

On February 21, 2018—77 days after the opinion issued and 42 days after the motion for rehearing was denied—Supria moved to tax appellate costs in the circuit court as the prevailing party. At a hearing, the lender argued that the motion was untimely because Supria failed to serve the motion within 45 days after rendition of the December 6, 2017 opinion. Supria maintained that the motion was timely because it was filed within 45 days after this court denied rehearing of her motion for attorney's fees as a sanction. The trial court granted the motion and entered judgment awarding Supria $2,304.07 in costs.

Supria's motion for costs was untimely because her motion for rehearing directed at an order on attorney's fees did not have the effect of stopping the clock on matters pertaining to the substantive case. Florida Rule of Appellate Procedure 9.400(a) provides, in part:

> Costs shall be taxed by the lower tribunal on a motion **served no later than 45 days after rendition of the court's order**. If an order is entered either staying the issuance of or recalling a mandate, the lower tribunal is prohibited from taking any further action on costs pending the issuance of a mandate or further order of the court.

(Emphasis added). Rule 9.020(f) defines "order" as "[a] decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries." Further, Florida Rule of Appellate Procedure 9.020(j) describes "rendition of an appellate order": "If any timely and authorized motion under rule 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the filing of a written order."

Under the framework set by the appellate rules, (1) a motion to tax costs must be filed "no later than 45 days" after rendition of an opinion and (2) a motion for rehearing authorized under Rule 9.330 stays rendition only of "the order" at which the motion was directed, not all orders in the case.

2

Here, Supria did not seek rehearing of the opinion in which she prevailed. She sought rehearing only of a separate order denying her motion for attorney's fees as a sanction. Under rule 9.020(j), the motion for rehearing stayed rendition only of the order to which it was directed and not the opinion in the case. Because the opinion determined the prevailing party, the timing for filing a motion for costs is measured from the rendition of the opinion. Neither party moved for rehearing of this court's decision on the merits, so the case was not tolled for purposes of filing a motion to tax appellate costs in the trial court. Supria's motion was therefore untimely.

We reverse the award of appellate costs and remand to the circuit court for the entry of judgment for the lender on the issue of appellate costs.

MAY and KLINGENSMITH, JJ., concur.

*       *       *

3